Document 1

Document 2

Document 3

JUDGMENT

FILED: October 10, 2006

UNITED STATES COURT OF APPEALS

for the

Fourth Circuit

No. 06-6770
1:01-cr-00377-AMD
1:04-cv-03500-AMD

UNITED STATES OF AMERICA

    Plaintiff - Appellee

v.

NACOE RAY BROWN

    Defendant - Appellant

---

Appeal from the United States District Court for the District of Maryland at Baltimore

---

In accordance with the written opinion of this Court filed this day, the Court denies a certificate of appealability and dismisses the appeal.

A certified copy of this judgment will be provided to the District Court upon issuance of the mandate. The judgment will take effect upon issuance of the mandate.

/s/ Patricia S. Connor
_____
CLERK

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-6770

UNITED STATES OF AMERICA,

                        Plaintiff - Appellee,

versus

NACOE RAY BROWN,

                        Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.  Andre M. Davis, District Judge. (1:01-cr-00377-AMD; 1:04-cv-03500-AMD)

Submitted: September 28, 2006         Decided: October 10, 2006

Before NIEMEYER, TRAXLER, and SHEDD, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Nacoe Ray Brown, Appellant Pro Se.  Rod J. Rosenstein, United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Nacoe Ray Brown seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2255 (2000) motion. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000); <u>Rose v. Lee</u>, 252 F.3d 676, 683-84 (4th Cir. 2001). We have independently reviewed the record and conclude that Brown has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>

- 2 -

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

NOTICE OF JUDGMENT
October 10, 2006

TO: Rod J. Rosenstein, Esq.
Nacoe Ray Brown

Judgment was entered this date in Case Number(s):   06-6770

The Court's decision is enclosed.

PETITION FOR REHEARING (FRAP 40)
PETITION FOR REHEARING EN BANC (FRAP 35)

Filing Time
A petition must be received in the clerk's office within 14 days after judgment to be timely. There are three exceptions to this rule:

(1)  In all civil cases in which the United States or an agency or officer thereof is a party, any petition for rehearing must be received in the clerk's office within 45 days after entry of judgment.

(2)  The Court may grant an extension of time or leave to file a petition for rehearing out of time if the party establishes that the delay resulted from the death or serious illness of counsel or a family member (or of a party or family member in pro se cases) or other circumstances wholly beyond the control of counsel or a party proceeding without counsel.

(3)  Prisoner petitions are deemed filed when delivered to prison authorities.

If a petition for rehearing en banc is to be filed, it must be filed at the same time and in the same document as the petition for rehearing and must be clearly identified in the title.

Each case number to which the petition applies must be listed on the petition, even in companion or consolidated cases. Failure to list the individual case numbers on the petition will result in the unidentified cases proceeding to mandate even if a timely petition for rehearing has been filed in a companion or consolidated case.

A timely filed petition for rehearing or petition for rehearing en banc will stay the mandate and toll the running of time for filing a petition for writ of certiorari.

Purpose
A petition should only be made to direct the Court's attention to one or more of the following situations:

1. A material fact or law overlooked in the decision.
2. A change in the law which occurred after the case was submitted and which was overlooked by the panel.
3. The opinion is in conflict with a decision of the United States Supreme Court, this Court, or another court of appeals, and the conflict is not addressed in the opinion.
4. The proceeding involves one or more questions of exceptional

|  |  |
|---|---|
|  | importance. |
| Statement of Counsel | A petition shall contain an introduction stating that, in counsel's judgment, one or more of the situations exist as described in the above "Purpose" section.  The points to be raised shall be succinctly listed in the statement. |
| Form | The 15 page limit allowed by the Rule shall be observed.  The Court requires 4 copies of the petition (20 copies of a petition for rehearing en banc), and a copy of the Court's opinion must be attached to each copy of the petition. |

## BILL OF COSTS (FRAP 39)

| | |
|---|---|
| Filing Time | A party to whom costs are allowed, who desires taxation of costs, shall file a bill of costs on or before 10/24/06. |

## MANDATE (FRAP 41)

| | |
|---|---|
| Issuance Time | In original proceedings before this Court, there is no mandate.  Unless the Court shortens or extends the time, in all other cases, the mandate issues 7 calendar days after the expiration of the time for filing a petition for rehearing.  A timely petition for rehearing, petition for rehearing en banc, or motion to stay the mandate will stay the issuance.  If the petition or motion is denied, the mandate will issue 7 calendar days later.  If a stay of mandate is sought, only the original of a motion need be filed. |
| Stay | A motion for stay of the issuance of the mandate shall not be granted simply upon request.  Ordinarily the motion will be denied unless it would not be frivolous or filed merely for delay and would present a substantial question or otherwise set forth good or probable cause for a stay. |

## CRIMINAL CASES (Plan in Implementation of the CJA)

| | |
|---|---|
| Criminal | In criminal cases, counsel must inform the defendant in writing of the right to file a petition for writ of certiorari from an adverse decision of this Court.  Counsel appointed under the Criminal Justice Act must file their vouchers within 60 days of entry of judgment, denial of a petition for rehearing, or the grant or denial of a petition for writ of certiorari, whichever is later. |

## PETITION FOR WRIT OF CERTIORARI   (Sup.Ct.R. 13)

| | |
|---|---|
| Filing Time | Review on writ of certiorari is not a matter of right, but of judicial discretion, and will be granted only for compelling reasons.  The petition must be filed in the United States Supreme Court within 90 days of this Court's entry of judgment.  The time does not run from the issuance of the mandate.  If a petition for rehearing is timely filed, the time runs from the denial of that petition. Content, fees, and number of copies of a petition for writ of certiorari are governed by the Rules of the United States Supreme Court. |